FILED
SUPERIOR COURT
OF GUAM

2019 SEP -3 PM 2: 25

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CF0207-19
)
)
)
vs. )
) **DECISION AND ORDER DENYING**
) **DEFENDANT'S MOTION TO MODIFY**
FRANKLIN JAY SANTOS, ) **CONDITIONS OF RELEASE**
DOB:01/09/1987 )
)
)
DEFENDANT. )
)

## Introduction

This matter appeared before the Honorable Maria T. Cenzon on August 1, 2019 for a hearing on Defendant Franklin Jay Santos's Motion to Modify Conditions of Release. Defendant was present and represented by Attorney William Bucky Brennan. The People of Guam were represented by Deputy Attorney General J. Basil O'Mallan, III. Having reviewed the record and relevant law, the Court ruled from the bench DENYING Defendant's Motion specifically addressing the alleged error as described in the Order of Conditional Release and Appearance Bond issued on April 24, 2019. The Court now issues this Decision and Order memorializing its oral ruling.

## Background

A grand jury indicted the Defendant on the charge of SECOND DEGREE CRIMINAL SEXUAL CONDUCT (as a 1st Degree Felony). A Summons issued with the Indictment requiring Defendant to appear before the Magistrate Judge for Arraignment on April 24, 2019. At that hearing, the Magistrate Judge ordered that Defendant be released, subject to certain conditions, pending trial. A condition at issue requires "Defendant [] to stay away from, and have no contact with the victim ... including any specified witnesses as follows: S.C. (DOB:

05/22/2002) any minors." An additional requirement in Section 16 of the Order requires defendant "shall not be alone w/ any minors."

On July 8, 2019, Defendant filed a Motion to Modify Conditions of Release or in the alternative for clarification. The government did not file a written opposition to the motion.

### Discussion

Defendant points to Section 6 and 16 of the Order of Conditional Release and argues "there is an issue of whether the Magistrate Judge actually ordered the Defendant to stay away from all minors as a condition of his release." Def.'s Mot. to Modify Conditions of Release at p.2. Defendant argues that instead the Magistrate Judge only ordered Defendant not to be alone with any minors. *Id.* Defendant maintains that due to this error, he has been barred from contact with his children since April of 2019. *Id.* Defendant seeks relief from the error and requests this Court to modify, or in the alternative clarify the inconsistency. *Id.* Defendant further argues that a complete stay away is not the least onerous condition that would assure appearance and protect individuals or the community. *Id.*

The Magistrate Judge in this case issued an order which contains a statement of the conditions imposed. *See* 9 GCA § 40.55(a). Accordingly, Defendant executed an agreement that he will appear as required. Defendant also executed an acknowledgment that he understood the conditions of his release and the penalties in the event that he violates any condition or fails to appear as required. *Id.* § 40.55(b).

The Court's findings are supported by the execution of that agreement and an acknowledgment pursuant to 9 GCA § 40.55. In this case, Defendant executed an acknowledgment that he understood the conditions of his release, including Section 6 which contained the provision in question. While Defendant asserts an alleged error by the Magistrate Judge and that the Order does not accurately reflect the intent of the Magistrate, the Court finds the contrary. The Court concludes that the Order speaks for itself and clearly states that Defendant is required to stay away from all minors. Contrary to Defendant's assertions, the

Court finds the handwritten addition to Section 6 of the Order of Conditional Release does not appear to have been made in error.

To clarify, the instant motion seeks a modification or clarification based on the fact that the Order of Conditional Release was made in error. This Court's decision and order addresses only whether or not an alleged error was made. Defendant is encouraged to file a separate motion addressing the substantive arguments related to 8 GCA § 40.50.

**Conclusion**

For the reasons provided above, the Court DENIED Defendant's Motion to Modify Conditions of Release.

SO ORDERED this **SEP 0 3 2019**_____, *nunc pro tunc* to August 1, 2019.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 9/3/19 Time: 230 pm

Deputy Clerk, Superior Court of Guam